1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30

HONORABLE THOMAS O. RICE

JAMES B. KING, #8723
CHRISTOPHER J. KERLEY, #16489
Evans, Craven & Lackie, P.S.
818 W. Riverside Ave., St. 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632
Attorney for Defendant

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

**KEN HANSON IMPORTS, INC., a
Washington corporation;
KENNETH M. HANSON, an
individual; and KAREN K.
HANSON, an individual**,

                                          Plaintiffs,

vs.

**IRRIGATION COMPONENTS
INTERNATIONAL (V.I.), INC., an
Alabama corporation,**

                                          Defendant.

**Case No.:  CV-14-00131-TOR**

**ANSWER, DEFENSES, AND
COUNTERCLAIM TO
AMENDED COMPLAINT**

        Defendant Irrigation Components International (V.I.), Inc. ("ICI"), as and

for its Answer, Defenses, and Counterclaims to Plaintiffs' Amended Complaint,

hereby states as follows:

Answer, Defenses and Counterclaim
to Amended Complaint:  Page 1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

29

30

# I.    PARTIES

1.1    Ken Hanson Imports, Inc. is a Washington corporation that transacts business in Spokane County, Washington.

**ANSWER:** ICI admits the allegations contained within paragraph 1.1.

1.2    Kenneth M. Hanson is a resident of Whitman County, Washington.

**ANSWER:** ICI admits the allegations contained within paragraph 1.2.

1.3    Karen K. Hanson is a resident of Whitman County, Washington.

**ANSWER:** ICI admits the allegations contained within paragraph 1.3

1.4    Defendant Irrigation Components International (V.I), Inc., (hereinafter "ICI") is an Alabama corporation that transacts business in Spokane County, Washington.

**ANSWER:** ICI admits that it is a corporation formed under the laws of the State of Alabama and that it transacts certain business in Spokane County, Washington.  ICI states that its headquarters and principal place of business are in Daphne, Alabama.

# II.    JURISDICTION AND VENUE

2.1    The Court has original jurisdiction over the above-entitled matter pursuant to RCW 2.08.010.

Answer, Defenses and Counterclaim
to Amended Complaint:  Page 2

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

**ANSWER:** Pursuant to ICI's May 7, 2014 Notice of Removal, this action was removed to the District Court for the Eastern District of Washington.  As set forth in ICI's Notice of Removal, this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1367.

2.2    This Court has personal jurisdiction over the Defendant and venue is proper in Spokane County, Washington under RCW 4.12.025.

**ANSWER:**  Pursuant to ICI's May 7, 2014 Notice of Removal this action was removed to the District Court for the Eastern District of Washington. As set forth in ICI's Notice of Removal, venue is proper in this judicial district because this Court is the District Court of the United States for the district embracing the place where the underlying state court action was filed, and is therefore the appropriate court for removal pursuant to 28 U.S.C. §1441(a).

## III.    **FACTUAL BACKGROUND**

3.1    Ken Hanson Imports, Inc. owned and operated Irrigation Components Northwest ("ICNW").    ICNW was an irrigation distribution company that provided irrigation components, systems and related service to customers in the Pacific Northwest and Canada.

**ANSWER:** ICI admits the allegations contained within paragraph 3.1

3.2    ICI was a supplier of irrigation components sold by ICNW.

Answer, Defenses and Counterclaim
to Amended Complaint:  Page 3

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

**ANSWER:** ICI admits that ICNW was a distributor of certain ICI irrigation components.  ICI denies any remaining allegations contained within paragraph 3.2.

3.3    In approximately 2004, ICNW became the exclusive distributor for ICI products in the Pacific Northwest and Canada.

**ANSWER:** ICI admits that ICNW became an exclusive distributor for certain ICI products in a geographic region within the Pacific Northwest and Canada.  ICI denies any remaining allegations contained within paragraph 3.3.

3.4    In order to achieve growth for ICI's products, ICNW took on a significant inventory of ICI products.  As the levels of ICI inventory grew, so did the accounts payable to ICI.  ICI, in turn, carried the accounts payable from ICNW, which fluctuated throughout the years.

**ANSWER:** ICI admits that ICNW maintained an inventory of ICI products, that ICNW owed amounts payable to ICI, and that the amounts owed fluctuated based on payments and purchases.  ICI denies any remaining allegations contained within paragraph 3.4.

3.5    In 2012, ICI was recapitalized with the assistance of Prospect Partners, a private equity firm located in Chicago, Illinois.

**ANSWER:** ICI admits the allegations contained within paragraph 3.5.

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

3.6    Following the recapitalization, ICI decided to change how ICNW's accounts payable were treated and would no longer allow ICNW to carry a balance.  Rather, ICI proposed purchasing ICNW, with a portion of the purchase price in the form of debt forgiveness from ICI.

**ANSWER:** ICI admits that on or about December 21, 2012, ICI and ICNW entered into a Letter of Intent regarding ICI's possible acquisition of ICNW, including a potential purchase involving deductions in the purchase price relating to ICNW's outstanding debts to ICI.   ICI denies any remaining allegations in paragraph 3.6.

3.7    In order to execute the purchase and sale of ICNW, ICI and the Hansons entered into an Asset Purchase Agreement ("Agreement"), dated March 15, 2013.

**ANSWER:** ICI admits the allegations contained within paragraph 3.7

3.8    The Agreement called for the purchase and sale of certain assets of ICNW and the employment of Plaintiff Kenneth M. Hanson as North West Regional Manager for ICI's newly-acquired asset (ICNW). Mr. Hanson's new job entitled him to salary plus commissions, and granted him certain material responsibilities that were agreed-upon by the parties.

Answer, Defenses and Counterclaim
to Amended Complaint:  Page 5

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

**ANSWER:** ICI states that the Agreement (including Exhibit B thereto) speaks for itself. ICI refers the Court to the referenced document for its terms, and denies any allegations inconsistent therewith. ICI denies any remaining allegations of paragraph 3.8.

3.9    The purchase price agreed-upon between ICI and the Hansons was $1,345,000. Of that purchase price, $150,000 was held back ("Holdback Amount") to address any necessary adjustments made from the Estimated Balance Sheet for the purchased assets prepared on February 28, 2013 (prior to closing) and the Adjusted Balance Sheet for the assets purchased on March 15, 2013 (the closing date). Any downward adjustment of the assets as stated on the Estimated Balance Sheet would be applied against the Holdback Amount and any excess Holdback Amount after adjustments were to be paid to the Hansons.

**ANSWER:** ICI states that the Agreement speaks for itself. ICI refers the Court to the referenced document for its terms, and denies any allegations inconsistent therewith. ICI denies that Plaintiffs provided ICI with a final "Closing Date Balance Sheet" for purposes of adjustments, as the Agreement required, and any remaining allegations of paragraph 3.9.

3.10  Pursuant to the Agreement, ICI was to prepare and present the Hansons with an Adjusted Balance Sheet showing any adjustments made to the

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

Estimated Balance Sheet by March 31, 2013.  ICI failed to do so and further failed to pay the Hansons any portion of the Holdback Amount.

**ANSWER:**  ICI states that the Agreement speaks for itself.  ICI refers the Court to the referenced document for its terms, and denies any allegations of paragraph 3.10 that are inconsistent with the Agreement.  ICI further states that Plaintiffs failed to provide ICI with a final "Closing Date Balance Sheet," as the Agreement required, and that ICI has properly retained the $150,000.00 Holdback Amount as part of the Purchase Price and Purchased Asset adjustments and/or as set-off for Plaintiffs' breaches of their representations, warranties, covenants, and/or indemnification obligations.  ICI denies that the Agreement provided for ICI to adjust what Plaintiffs term the "Estimated Balance Sheet" and any remaining allegations of paragraph 3.10.

3.11  In addition to the Holdback Amount for adjustments to ICNW's Estimated Balance Sheet, an additional $350,000 of the purchase price was payable via Earnout Payments to the Hansons.  The Earnout Payments were contingent upon Mr. Hanson's continued employment with ICI or, in the event of employment termination, if the termination was without cause.  ICI has either failed to pay Earnout Payments as due or is anticipatorily repudiating its obligation to pay Mr. Hanson his Earnout Payments.

Answer, Defenses and Counterclaim
to Amended Complaint:  Page 7

**ANSWER:** ICI states that the Agreement speaks for itself. ICI refers the Court to the referenced document for its terms and denies any allegations of paragraph 3.11 that are inconsistent with the Agreement. ICI further states that Mr. Hanson voluntarily resigned and no Earnout Payments are due. ICI denies any remaining allegations of paragraph 3.11.

3.12 In July 2013, after the deadline to present adjustments to the Estimated Balance Sheet, ICI presented Mr. Hanson with an accounting that failed to account for the Holdback Amount, failed to account for any Earnout Payments then accrued, and was otherwise incorrect ("July Accounting"). The July Accounting incorrectly showed the Hansons owing ICI money, among other errors and failings contained therein.

**ANSWER:** ICI admits that it provided Plaintiffs with an accounting in July 2013. The accounting and the terms of the Agreement speak for themselves, and ICI denies any allegations of paragraph 3.12 that are inconsistent therewith. ICI further states that ICNW never provided a final Closing Date Balance Sheet, as required by the Agreement, and that no part of the Holdback Amount or Earnout Payments are due. ICI denies that the Agreement provided for ICI to adjust what Plaintiffs term the "Estimated Balance Sheet" and the remaining allegations contained within paragraph 3.12.

Answer, Defenses and Counterclaim
to Amended Complaint:  Page 8

3.13   Leading up to the July Accounting, ICI was engaging in actions and conduct that impacted Mr. Hanson's ability to perform the responsibilities negotiated between the parties and as set forth in his employment agreement. ICI's actions and conduct impaired his ability to receive the benefits under the parties' Agreement.   Following receipt of the July Accounting, Mr. Hanson ceased working as ICI's Regional Manager.

**ANSWER:** ICI admits that Mr. Hanson voluntarily resigned and ceased working as ICI's Regional Manager on or about July 30, 2013.  ICI denies the remaining allegations contained within paragraph 3.13.

3.14  Following the July Accounting, Mr. Hanson spoke with the President of ICI, John McCabe, and Mr. McCabe agreed that the Hansons would not owe ICI any money over and above the Holdback Amount.

**ANSWER:** ICI denies the allegations contained within paragraph 3.14.

3.15  Shortly after Mr. Hanson ceased working as ICI's Regional Manager, ICI and Mr. Hanson agreed upon a new commission only employment arrangement. Throughout 2013, Mr. Hanson continued to work for ICI.

**ANSWER:** ICI admits that after his resignation in July, 2013, Mr. Hanson began a limited, commission-only consultant relationship with ICI and

Answer, Defenses and Counterclaim
to Amended Complaint:  Page 9

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

that Mr. Hansons earned, and was paid in full, certain commissions through 2013. ICI denies the remaining allegations contained within paragraph 3.15.

3.16   ICI has not, to date, paid Mr. Hanson any portion of the Holdback Amount or any of his Earnout Payments. Rather, ICI is demanding payment from Ken and Karen Hanson (in violation of the parties' Agreement) without offsetting any of the Holdback Amount or the Earnout Payments due to the Hansons and/or without paying the Hansons any portion of the Holdback Amount, earned wages, bonuses and/or commissions, or Earnout Payments earned during Mr. Hanson's employment with ICI.

**ANSWER:** ICI admits that it has properly withheld the Holdback Amount and has not paid the Earnout Payments but denies that any Plaintiff is entitled to such payments. ICI states that ICI has retained the $150,000.00 Holdback Amount as part of the Purchase Price and Purchased Asset adjustments and/or as set-off for Plaintiffs' breaches of their representations, warranties, covenants, and/or indemnification obligations. ICI further states that Plaintiffs owe ICI additional amounts under the Agreement and admits that it has demanded payment from Plaintiffs. ICI denies the remaining allegations contained within paragraph 3.16.

Answer, Defenses and Counterclaim
to Amended Complaint: Page 10

# IV.    CAUSES OF ACTION

## FIRST CAUSE OF ACTION — BREACH OF CONTRACT

4.1    The Hansons reincorporate the preceding paragraphs as if fully set forth herein.

**ANSWER:** ICI hereby restates and incorporates by reference its answers set forth above to the preceding paragraphs of the Amended Complaint.

4.2    Pursuant to the Agreement and the related documents and/or agreements, the Hansons and ICI have a contractual relationship giving rise to express contractual covenants and obligations owed by ICI to the Hansons, as well as the implied duty to act in good faith and in accord with fair dealing.

**ANSWER:** ICI admits that the Agreement is a binding contract between ICI and Plaintiffs.    The remaining allegations of paragraph 4.2 constitute conclusions of law to which no answer is required.    ICI denies any remaining factual allegations contained within paragraph 4.2

4.3    ICI is in breach of contract and has violated and continues to violate the Agreement and related covenants, obligations or agreements with the Hansons by, among other things, failing to provide the Adjusted Balance Sheet when due, failing to offset any amounts owed to ICI from the Holdback Amount, failing to reimburse the Hansons any portion of the Holdback Amount, failing to

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

pay Mr. Hanson his earned wages, bonuses and/or commissions, and earned Earnout Payments.

**ANSWER:** ICI denies the allegations contained within paragraph 4.3.

4.4    In addition to the breach of express contractual covenants, obligations and duties set forth in the Agreement, ICI is in breach of the implied covenant of good faith and fair dealing by failing to perform its contractual obligations in good faith.

**ANSWER:** ICI denies the allegations contained within paragraph 4.4.

4.5    As a direct and proximate cause of ICI's breaches of contract and violations of the covenant of good faith and fair dealing, the Hansons have suffered damages in an amount to be proven at trial.

**ANSWER:** ICI denies the allegations contained within paragraph 4.5

**SECOND CAUSE OF ACTION — WRONGFUL WITHHOLDING OF WAGES**
**(RCW § 49.52, et seq. and RCW § 49.48 et seq.)**

4.6    The Hansons reallege the preceding paragraphs as if each paragraph was fully set forth herein and further alleges as follows.

**ANSWER:** ICI hereby restates and incorporates by reference its answers set forth above to the preceding paragraphs of the Amended Complaint.

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

4.7    It is a violation of Washington law for an employer to willfully and with the intent to deprive an employee any part of his or her wages the employer is obligated to pay and/or for an employer to fail to pay an employee the wages due him on account of his employment following termination of employment.

**ANSWER:** ICI states that the allegations of paragraph 4.7 constitute conclusions of law to which no answer is required.  ICI denies any factual allegations contained within paragraph 4.7.

4.8    Defendant contends that Mr. Hanson's employment with ICI was terminated in August 2013.

**ANSWER:** ICI admits that Mr. Hanson voluntarily resigned and ceased working as ICI's Regional Manager effective on or about July 30, 2013.  ICI denies any remaining allegations contained within paragraph 4.8.

4.9    Defendants have intentionally, willfully, and wrongfully withheld wages, bonuses and/or commissions from Mr. Hanson, and have not paid him for all wages, salary, bonuses and/or commissions due to him following termination of employment, including but not limited to earned vacation, and those amounts remain unpaid.

**ANSWER:** ICI denies the allegations contained within paragraph 4.9.

Answer, Defenses and Counterclaim
to Amended Complaint:  Page 13

4.10   As a direct and proximate cause of Defendant's wrongful withholding of wages and violations of Washington law, Mr. Hanson has been damaged in amounts to be proven at trial.

**ANSWER:** ICI denies the allegations contained within paragraph 4.10.

4.11   Defendant's withholding of wages was done willfully and with an intent to deprive entitling Mr. Hanson to an award of exemplary damages for twice the amount of the wages unlawfully withheld pursuant to RCW 49.52.070 and entitles Mr. Hanson to an award of reasonable attorneys' fees and costs pursuant to RCW 49.48.030-and/or RCW 49.52.070.

**ANSWER:** ICI denies the allegations contained within paragraph 4.11.

**THIRD CAUSE OF ACTION — DECLARATORY RELIEF**

4.12   The Hansons reallege the preceding paragraphs as if each paragraph was fully set forth herein and further alleges as follows.

**ANSWER:** ICI hereby restates and incorporates by reference its answers set forth above to the preceding paragraphs of the Amended Complaint.

4.13   There is a justiciable controversy between the parties and a judgment declaring the rights, status or legal relationships of the parties will terminate the controversy.

Answer, Defenses and Counterclaim
to Amended Complaint:  Page 14

**ANSWER:** ICI states that the allegations of paragraph 4.13 constitute conclusions of law to which no answer is required.  To the extent an answer is deemed required, ICI admits the that there is a justiciable controversy as set forth in Count II of ICI's Counterclaim but otherwise denies the allegations contained within paragraph 4.13

4.14   This Court should issue a judgment declaring that the Hansons are entitled to their portion of the Holdback Amount that was not used by ICI as an offset, release of any and all non-competition or non-solicitation provisions of the Agreement (or similar restrictive covenants) due to ICI's breach of contract, and payment of any and all wages, bonuses, commissions and/or Earnout Payments earned by Mr. Hanson during his employment with ICI.

**ANSWER:** ICI denies the allegations contained within paragraph 4.14.

## DEFENSES

ICI asserts the following defenses without assuming the burden of proof on any issue where that burden would otherwise be on Plaintiffs.   ICI's investigation of its defenses is continuing, and ICI expressly reserves the right to allege and assert any additional affirmative defenses under Rule 8 of the Federal Rules of Civil Procedure, and any other defense, at law or in equity, that may

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

now exist or in the future be available based upon discovery and further investigation in this case.

1.      Plaintiffs fail to state a claim upon which relief can be granted.

2.      Plaintiffs' breach of contract claim is barred, in whole or in part, by Plaintiffs' prior breaches of the Agreement.

3.      Plaintiffs' claims are barred or reduced, in whole or in part, by the doctrines of set-off and/or recoupment.

4.      Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches, waiver and/or estoppel.

5.      Plaintiffs' breach of contract and wage claims are barred or reduced, in whole or in part, to the extent they are based on a claimed entitlement to the Earnout Payments because Plaintiffs failed to satisfy the requirements necessary to have the right to receive any Earnout Payments under the Agreement.

6.      Plaintiffs' claims are barred, in whole or in part, to the extent they are based upon or rely upon amendments, modifications or changes to the terms of the agreement that are not contained in a writing duly signed by all parties to the Agreement.

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

7.    Plaintiffs' claims are barred, in whole or in part, to the extent they are based upon or rely upon promises or undertakings for which there is insufficient consideration.

## COUNTERCLAIM

### JURISDICTION AND VENUE

1.    Counterplaintiff ICI adopts and incorporates Plaintiffs' allegations in paragraphs 1.1 through 1.4 of the Amended Complaint and ICI's answers thereto.    This court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1367.  The amount in controversy exceeds $75,000.00, exclusive of interest and costs, and there is complete diversity between ICI and counterdefendants ICNW and Kenneth Hanson and Karen Hanson (the "Hansons," collectively with ICNW, "Counterdefendants").

2.    Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a significant portion of the actions, including negotiations, involved in the dispute occurred in this district and Plaintiffs' related claims are pending in this district.

///

///

///

Answer, Defenses and Counterclaim
to Amended Complaint:  Page 17

**FACTUAL BACKGROUND**

**The Agreement**

3.    ICI and Counterdefendants entered into the Agreement on or about March 15, 2013.

4.    Pursuant to the Agreement, ICI agreed to acquire, and Counterdefendants agreed to sell, certain assets described in the Agreement.  The maximum purchase price (the "Purchase Price") for the acquired assets was to be $1,354,000.  Of this sum, $854,000 was paid in cash at closing; $150,000 (the "Holdback Amount") was held back by ICI as security for potential shortfalls resulting from balance sheet adjustments after closing; and the remaining $350,000 was held back for potential "Earnout Payments" to the seller and/or to cover Counterdefendants' indemnification obligations.

5.    Under the Agreement, the Purchase Price was to be adjusted on a dollar for dollar basis if the "Closing Date Balance Sheet" that was supposed to be prepared by ICNW reflected that the value of the Purchase Assets was less than $850,000.00.  The Purchase Price was to be further adjusted on a dollar for dollar basis to the extent of any adjustments by ICI after the closing to the Closing Date Balance Sheet (the "Adjusted Closing Date Balance Sheet").  ICI is

Answer, Defenses and Counterclaim
to Amended Complaint:  Page 18

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

entitled to retain from the Holdback Amount (as its non-exclusive remedy) the amount of any downward adjustment to the Purchase Price.

6.    In    addition    to    agreeing    to    Purchase    Price    adjustments, Counterdefendants represented and warranted in the Agreement that:

a. "[A]ll of the Trade Receivables and notes receivable that are reflected on the Closing Date Balance Sheet, or that arose subsequent to the date of the Closing Date Balance Sheet … are good and collectible (or have been collected) in accordance with their terms, and at the aggregate recorded amounts thereof, using normal collection practices and subject to the reserves showing on the Closing Date Balance Sheet." (Agreement, § 3.6.)

b. The Inventory "is in the physical possession of the Seller or in transit to or from a customer or supplier of the Seller … is good, undamaged, non-expired and non-obsolete and is of a quality and quantity presently useable in the ordinary course of the Business, consistent    with    industry    custom    and    business    practices." (Agreement, § 3.7.)

Evans, Craven & Lackie, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

7.     Under Section 1.3 of the Agreement, Counterdefendants were also obligated to "discharge and satisfy its payables and obligations to third parties in the ordinary course of business."

8.     Under Section 7.3 of the Agreement, Counterdefendants are required to "indemnify, save and keep harmless" ICI for: (i) "any breach of any representation and warranty made by" ICNW or the Hansons in the Agreement; (ii) "any breach by [ICNW] or [the Hansons] of their respective covenants or obligations" in the Agreement; (iii) "any Trade Receivables or Inventory that have become subject to write-down or write-off by Buyer"; and (iv) all damages resulting from "the failure to discharge when due any liability or obligation of the Seller …."

**Purchase Price Adjustments and Counterdefendants' Breaches of the Agreement**

9.     Counterdefendants have failed to comply with and have breached the indemnification obligations, covenants, and representations and warranties described above.

10.     In addition, the Purchase Price must be adjusted downward because ICI has determined in good faith that that the value of the Purchased Assets is lower than $850,000.   ICNW never delivered a final "Closing Date Balance

Sheet" reflecting ICNW's good faith computation of its balance sheet as of the closing date, as required by the Agreement.   However, ICI has nonetheless reviewed the assets purchased under the Agreement and has determined that a downward adjustment of the Purchase Price is required.

11.    In particular, ICI has determined that the following constitute breaches of Counterdefendants' indemnification obligations, covenants, and/or representations and warranties under the Agreement, items requiring a downward adjustment of the Purchase Price, or both:

a. Before the closing, ICNW collected and retained funds from $10,095.00 of accounts receivable that  were supposed to have been transferred to ICI under the Agreement;

b. ICNW purported to transfer an additional $41,344.27 in accounts receivable, which turned out to be uncollectible;

c. ICNW was supposed to transfer $56,527.00 in certain notes receivable, but ICNW never transferred the notes and the notes were, in any case, uncollectible;

d. ICNW transferred inventory purportedly valued at $98,176.00, but this inventory turned out to be unsaleable;

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

e.  ICNW purported to transfer an additional $30,510.04 in inventory that was nonexistent;

f.  ICNW failed to discharge $41,172.00 in liabilities to third party creditors for liabilities incurred prior to closing;

g.  Counterdefendants failed indemnify ICI for any of the above amounts as required under Section 7.3 of the Agreement.

12.    Based on ICI's determination, ICI is entitled to retain the Holdback Amount because of adjustments to the Purchase Price and/or as a set-off against ICNW and the Hansons' liabilities for breaches of their indemnification obligations, covenants, and/or representations and warranties.

13.    In addition, ICI is entitled to recover as money damages and/or indemnification from Counterdefendants the amounts of damages it has sustained due to Counterdefendants' breaches of their indemnification obligations, representations and warranties and/or covenants in excess of the amounts covered by the Holdback Amount.

## COUNT I – BREACH OF CONTRACT

14.    ICI incorporates by reference and re-alleges paragraphs 1-13 of the Counterclaim above as if fully set forth herein.

Answer, Defenses and Counterclaim
to Amended Complaint:  Page 22

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

15.     ICI and Counterdefendants entered into the Agreement, dated March 15, 2013, for the sale of certain assets.  The Agreement is a binding and enforceable contract.

16.     As described above, and among other things, Counterdefendants represented and warranted that the inventory was in the physical possession (or in transit to or from) the seller, would be non-obsolete and that the trade and note receivables would be collectable.

17.     Counterdefendants were further obligated under the Agreement to pay all third party liabilities incurred before closing and to indemnify ICI for any of their breaches of the representations and warranties, breaches of their covenants or obligations, and failure to discharge liabilities when due.

18.     ICI substantially performed its material obligations under the Agreement and provided Counterdefendants with notice of their indemnification claims and demand for indemnification on or about February 24, 2014.

19.     Counterdefendants have failed to provide indemnification, have otherwise failed to comply with their obligations under the Agreement, and have breached the Agreement.

20.     Despite ICI's demand, Counterdefendants have not cured their breaches or made any payment to ICI.

Answer, Defenses and Counterclaim
to Amended Complaint:  Page 23

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

21.    Counterdefendants' breaches have caused ICI damage by depriving it of the benefit of its bargain under the Agreement, including by depriving it of certain assets and cost-savings it was supposed to realize under the Agreement.

## COUNT II – DECLARATORY JUDGMENT

22.    ICI incorporates by reference and re-alleges paragraphs 1-21 of the Counterclaim above as if fully set forth herein.

23.    An actual justiciable controversy exists between ICI and Counterdefendants as to the entitlement of the Holdback and Earnout Payments under the Agreement.    A judgment declaring the rights, status or legal relationships of the parties will resolve the controversy.

24.    Under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, this Court may declare the rights and legal relations of the Parties.

25.    Accordingly, ICI seeks a judgment declaring:

  a. that ICI is entitled to retain the Holdback to account for the Purchase Price adjustments and/or as set-off for Counterdefendants' breaches of the Agreement; and

  b. that Counterdefendants are not entitled to Earnout Payments, or, in the alternative, that ICI is entitled to retain all or a portion of any such Earnout Payments that may have otherwise been due as set-off

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

for Counterdefendants' indemnification obligations under the Agreement.

## V.     PRAYER FOR RELIEF

**WHEREFORE**, ICI prays that this Court find in its favor, and grant judgment for it and against Counterdefendants, jointly and severally, (i) awarding an amount to be determined at trial, plus attorneys' fees, costs, and interest; (ii) declaring that ICI is entitled to retain the Holdback, and that Counterdefendants are not entitled to any Earnout Payments, or, in the alternative that ICI is entitled to keep any such Earnout Payments as set-off for Counterdefendants' indemnification obligations; and (iii) granting such other relief as the court deems proper.

Dated this 14th day of May, 2014.

EVANS, CRAVEN & LACKIE, P.S.

By ___s/ Christopher J. Kerley___
JAMES B. KING, #8723
CHRISTOPHER J. KERLEY, #16489
Attorneys for Defendants
Evans, Craven & Lackie, P.S.
818 W. Riverside Ave., Ste. 250
Spokane, WA 99201
(509) 455-5200
(509) 455-3632 facsimile
jking@ecl-law.com
ckerley@ecl-law.com

Answer, Defenses and Counterclaim
to Amended Complaint:  Page 25

Evans, Craven & Lackie, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

29

30

Of Counsel

W. Allen Woolley (to be admitted *pro hac vice*)
Erin L. Brechtelsbauer (to be admitted *pro hac vice*)
EDWARDS WILDMAN PALMER LLP
225 West Wacker Drive
Chicago, IL  60606
(312) 201-2000
awoolley@edwardswildman.com
ebrechtelsbauer@edwardswildman.com

Answer, Defenses and Counterclaim
to Amended Complaint:  Page 26

**CERTIFICATE OF SERVICE**

I hereby certify that on **May 14, 2014**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Michael D. Franklin
Lukins & Annis PS
717 W. Sprague Ave., Ste. 1600
Spokane, WA 99201
mfranklin@lukins.com

EVANS, CRAVEN & LACKIE, P.S.

By ___s/ Christopher J. Kerley_____
JAMES B. KING, #8723
CHRISTOPHER J. KERLEY, #16489
Attorneys for Defendants
Evans, Craven & Lackie, P.S.
818 W. Riverside Ave., Ste. 250
Spokane, WA 99201
(509) 455-5200
(509) 455-3632 facsimile
jking@ecl-law.com
ckerley@ecl-law.com

Answer, Defenses and Counterclaim
to Amended Complaint:  Page 27