UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KEN HANSON IMPORTS INC, a Washington corporation; KENNETH M. HANSON and KAREN K. HANSON, individually,<br><br>Plaintiffs/Counter Defendants,<br><br>v.<br><br>IRRIGATION COMPONENTS INTERNATIONAL (VI) INC, an Alabama corporation,<br><br>Defendant/Counter Claimant. | NO: 2:14-CV-0131-TOR<br><br>BENCH TRIAL SCHEDULING ORDER |

A telephonic status conference was held in the above-entitled matter on July 11, 2014. Michael A. Maurer appeared on behalf of Plaintiffs. W. Allen Woolley and Christopher J. Kerley appeared on behalf of Defendant. The Court reviewed the Joint Status Certificate (ECF No. 8), heard from counsel, and is fully informed.

BENCH TRIAL SCHEDULING ORDER ~ 1

At the hearing, the Court directed the parties to file a jury demand if appropriate no later than July 21, 2014. As of this date, neither party has filed a jury demand; therefore, the Court sets the matter for a bench trial.

**IT IS ORDERED:**

**1. General Court Procedures**

Pursuant to Fed. R. Civ. P. 16(b)(4), the dates set forth in this Order may be amended **only** by Order of the Court and upon a showing of good cause. Pursuant to Fed. R. Civ. P. 29, the parties may stipulate to other procedures governing or limiting discovery, except the dates set forth in this Order.

Counsel are to review and employ Local Rule 83.1 (Civility) and Washington Rule of Professional Conduct 3.4 (Fairness To Opposing Party And Counsel).

**2. Motions to Amend Pleadings or Add Parties**

Any motion to amend the pleadings or add parties shall be filed no later than **October 15, 2014**.

**3. Mediation**

If parties elect to proceed to mediation, it should be completed as early as possible to avoid the unnecessary expenditure of judicial resources.

///

///

**4. Rule 26(a)(1) Exchange**

If not already accomplished, the Parties shall disclose their Fed. R. Civ. P. 26(a)(1) material forthwith.

**5. Rule 26(a)(2) Expert Identification and Reports**

The Parties are cautioned that failure to timely identify experts or provide reports in accordance with Rule 26 and this scheduling order may result in exclusion of such testimony absent good reason. *See Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052 (9th Cir. 2005).

The parties shall identify their experts and serve those experts' Rule 26(a)(2) reports on all other parties no later than **October 15, 2014.** The parties shall also provide dates for which their experts can be available for deposition.

The parties shall identify their rebuttal experts and serve those experts' Rule 26(a)(2) reports on all other parties no later than **November 14, 2014**. The parties shall also provide dates for which their experts can be available for deposition.

**6. Discovery Cutoff**

    **A. Generally**

All discovery, including depositions and perpetuation depositions, shall be completed by **January 15, 2015** ("Discovery Cutoff"). To be timely, discovery requests must be served sufficiently in advance of the deadline to allow for timely

response by the cutoff date. The parties shall not file discovery, except those portions necessary to support motions or objections.

### B. Depositions, Interrogatories, Requests for Production/Admission

Unless otherwise stipulated, no more than 10 depositions up to seven hours long, may be taken by the plaintiffs, or by the defendants, or by third-party defendants. Fed. R. Civ. P. 30(a)(2)(A)and (d)(1).

Unless otherwise stipulated, any one party may serve no more than 25 written interrogatories, including discrete subparts, on any other party. Fed. R. Civ. P. 33(a)(1)and advisory committee notes (1993) explaining "discrete subparts".

Unless otherwise stipulated, any one party may serve no more than 30 requests for production, including discrete subparts, on any other party.

A party needing relief from these limitations should timely seek relief from the Court by motion.

### C. Protective Orders

Any stipulation or motion for a confidentiality agreement or protective order must be timely filed so as not to delay the discovery process or the Court's deadlines. If confidential records are attached to court filings, "compelling reasons" must be shown to seal records attached to a dispositive motion and "good cause" must be shown to seal records attached to a non-dispositive motion.

*Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-80 (9th Cir. 2006).

### D.  Motions to Compel

To avoid wasted time and expense, Counsel may contact chambers to schedule a telephonic conference to obtain an expedited ruling on discovery disputes.  Motions to compel seeking sanctions shall be filed in writing.

### 7.  Dispositive and *Daubert* Motions

All dispositive and *Daubert* motions shall be filed on or before **March 2, 2015**.  Responses and replies to dispositive and *Daubert* motions shall comply with Local Rule 7.1.  No supplemental responses or supplemental replies to any dispositive or *Daubert* motion may be filed without Court permission.

Dispositive and *Daubert* motions shall be noted for hearing at least **fifty (50) days** after the date of filing.

### 8. Motion Practice

#### A.  Notice of Hearing

Parties are to comply with Local Rule 7.1(h) when noting motions for hearing.  If oral argument is sought by a party, counsel shall contact Chambers staff at (509) 458-2470 to obtain a hearing date and time.  All non-dispositive motion hearings shall be conducted telephonically, unless in-person argument is approved by the Court.  Counsel shall <u>not</u> use cell phones during any telephonic

hearing. Dispositive motion hearings in which oral argument has been requested will be set for in-person appearance.

### B. Motions to Expedite

If there is a need to have a motion heard on an expedited basis, the party must file a Motion for Expedited Hearing and an accompanying memorandum (or declaration) establishing the need for an expedited hearing. The Motion for Expedited Hearing shall be noted for hearing, without oral argument, no earlier than two (2) days after the filing of the motion, absent good cause shown.

### C. Citing Previously-Filed Documents

All references to a previously filed document shall cite to the electronic case filing (ECF) record number and page number within that ECF record, in the following format, "ECF No. ___ at __." Such documents shall not be attached as exhibits.

### D. Reliance on Deposition Testimony

When a party relies on deposition testimony to support a position it takes in support or opposition to an issue, that party shall provide the Court <u>with the pertinent excerpts</u> of the deposition testimony relied upon and shall cite to page and line numbers of the deposition it believes supports its position. *See generally* LR 56.1(e). Submission of the entire deposition and/or failure to cite to specific

portions of the deposition may result in the submission being stricken from the record. *See Orr v. Bank of America*, 285 F.3d 764, 774-75 (9th Cir. 2002).

### E. Supplemental Responses or Replies

No supplemental responses or supplemental replies to any motion may be filed unless the Court grants a motion to file such documents.

### F. Motions to Reconsider

Motions to Reconsider are disfavored. Motions must show manifest error in the prior ruling or reveal new facts or legal authority which could not have been brought to the Court's attention earlier. The motion shall be noted for expedited hearing without oral argument seven days after it is filed. No response to a motion for reconsideration need be filed unless requested by the Court. No motion for reconsideration will be granted without such a request by the Court.

### G. Decisions on Motions

Parties and counsel are encouraged to call the Judge's Chambers at (509) 458-2470 to inquire about the status of a decision on a Motion if the Court has not issued an order within thirty **(30) days after** the hearing on a motion.

### 9. Witness/Exhibit Lists

Witness/Exhibit lists shall be filed and served and exhibits made available for inspection or copies provided to the parties on or before **April 27, 2015.**

### A. Witness Lists

Witness lists shall include a brief description of the witness, a brief summary of the witness' anticipated testimony, whether the witness will be called as an expert, and any known trial date/time conflicts the witness may have.

### B. Exhibit Lists

Exhibit lists shall include a brief description of the exhibit. All exhibits shall be pre-marked; Plaintiffs' exhibits shall be numbered 1-499; Defendants' exhibits shall be numbered 500-999.

### C. Objections

Objections to witnesses/exhibits shall be filed and served on or before **May 4, 2015**, AND SHALL BE HEARD AT THE PRETRIAL CONFERENCE. All objections to witnesses shall set forth a legal basis and explanation for the objection. Objections to an exhibit or portion thereof, shall be accompanied by a full and complete copy of the exhibit in question and a short legal explanation for the objection. The party seeking the admission of the witness or exhibit has five (5) days, excluding federal holidays and weekends, to file a response to the opposing party's objection; no reply shall be filed.

///

///

///

## 10. Deposition Designations

### A. Generally

Designation of substantive, as opposed to impeachment, deposition or prior testimony to be used at trial shall be highlighted in yellow by Plaintiff or in blue by Defendant in a complete transcript of the deposition or prior testimony and served but not filed on or before **April 27, 2015.**

### B. Cross-Designations

Cross-designations shall be highlighted in yellow by Plaintiff or in blue by Defendant in the transcript containing the opposing party's initial designations and shall be served but not filed on or before **May 4, 2015.**

## 11. Motions in Limine

All unresolved substantive or evidentiary issues that may forseeably arise during trial shall be addressed by motions in limine to be filed and served on or before **May 4, 2015.** Responses to motions in limine shall be filed and served on or before **May 11, 2015**. Such motions will be addressed and resolved at the pretrial conference. However, Motions in Limine may not reargue issues already decided by the Court.

///

///

///

**12. Pretrial Order**

　　**A. Generally**

A joint proposed pretrial order prepared in accordance with Local Rule 16.1(b) shall be filed on or before **May 18, 2015**, and a copy e-mailed, in Microsoft Word format, to "riceorders@waed.uscourts.gov".

　　**B. Exhibit List**

The list of exhibits contained in the Joint Proposed Pretrial Order shall reflect the exhibit marking scheme described above. In preparing the Joint Proposed Pretrial Order, the parties shall confer regarding duplicative exhibits and determine which party will submit such exhibits for trial.

**13. Pretrial Conference**

An **in-person** pretrial conference will be held on **May 26, 2015, at 10:00 a.m.,** in Spokane, Washington. All counsel trying the case must be present at the pretrial conference.

**14. Trial Briefs**

　　**A. Generally**

Trial briefs shall be filed and served on or before **May 18, 2015**.

///

///

///

**B. Length**

Trial briefs shall not exceed twenty (20) pages without prior court approval. LR 39.1. To obtain court approval, a party must file a motion to file an overlength brief, demonstrating good cause why supplemental briefing is necessary.

**15. Trial**

The bench trial shall commence on **June 8, 2015, at 9:00 a.m.,** in Spokane, Washington.

IT IS SO ORDERED.

The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** July 23, 2014.



THOMAS O. RICE
United States District Judge